IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| JAYSON BATTISTE, | ) | Case No. 1:17-cv-00128 |
| --- | --- | --- |
| Petitioner, | ) ) ) | JUDGE JACK ZOUHARY |
| v. | ) ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| MICHELLE MILLER,[1] | ) ) | |
| Respondent. | ) ) | **REPORT AND RECOMMENDATION** |

I.  **Introduction**

On January 30, 2017, *pro se* petitioner Jayson Battiste filed a motion to stay in abeyance his habeas proceedings. ECF Doc. No. 7. In that motion, Battiste requests this court stay the proceeding because of his unexhausted claims pending in state court. ECF Doc. No. 7, Page ID# 33. Although respondent does not object to the stay (ECF Doc. 7), the undersigned recommends that the stay be **DENIED** because Battiste has failed to show good cause and the stay would be futile.

---

[1] Respondent indicated that Clark Scott is the current Warden at Belmont Correctional Institution and, as such, maintains custody of Battiste. ECF Doc. No. 8, Page ID# 36.

## II. Relevant Procedural History

### A. State Court Proceedings

On September 29, 2014, a Cuyahoga County jury convicted Battiste of sexual battery in connection with events that occurred in July 2003. ECF Doc. No. 8-1, Page ID# 84, 87; *State v. Battiste*, 2015-Ohio-3586. That same day, the court sentenced Battiste to five years in prison. EFC Doc. No. 8-1, Page ID# 13. On November 10, 2014, the trial court held a HB 180 sex offender classification and declared Battiste a habitual sex offender. Id. at 14.

In January 2015, Battiste was granted leave to file a delayed appeal with the Eighth District Court of Appeals. Id. at 99. One of the four assignments of error in his appeal was based on ineffective assistance of trial counsel. Battiste argued that trial counsel was ineffective for (1) failing to object to improper police testimony; and (2) failing to file a motion to dismiss due to a prejudicial pre-indictment delay. Id. at 132-33. In September 2015, the appellate court affirmed the judgment of the trial court. Id. at 198. Battiste appealed that decision to the Ohio Supreme Court, but the Ohio Supreme Court declined to exercise jurisdiction on February 24, 2016. Id. at 220.

On June 22, 2016, Battiste filed an application to reopen his appeal based on App. R. 26(B). Id. at 221. In his application, Battiste argued that trial counsel presented an irrational defense and failed to investigate and present evidence of another possible suspect.[2] Id. at 224. Battiste's application for reopening was denied on September 30, 2016. Id. at 239-43. The appellate court found that Battiste did not establish "good cause" for exceeding the 90-day filing deadline for a Rule 26(B) application. Id. at 242-43. In fact, the appellate court found he failed to argue any showing of good cause. Id. at 243. The appellate court further found that Battiste

---

[2] Notably, Battiste argued that *trial* counsel was ineffective. However, a Rule 26(B) motion is for ineffective assistance of *appellate* counsel.

failed to comply with App. R. 26(B)(2)(d), which mandates the applicant attach a sworn statement of the basis for the claim that appellate counsel's representation was deficient. Id.

On December 2, 2016, Battiste filed a second 26(B) application for reopening his appeal. Id. at 244. This time he argued that his appellate counsel was ineffective for failing to assign error to the trial counsel for (1) failure to move for waiver of the prosecution's court costs; (2) failure to move for Criminal Rule 26(A) motion for acquittal before or after jury verdict; and (3) failure to advocate for a sexual oriented offender classification at the HB 180 hearing, rather than a habitual offender classification. Id. at 249-52. On January 10, 2017, the appellate court denied Battiste's second application for reopening. Id. at 267. The appellate court found that Battiste again failed to establish good cause for his untimely filing. Id. at 271. The appellate court also found that there was no right to file second or successive applications for reopening under Rule 26(B). Id. at 272.

On February 24, 2017, Battiste appealed the denial of his second 26(B) application to the Ohio Supreme Court. Id. at 275-79. As of the date of the filing of this R&R, that appeal is still pending.[3]

### B. Federal Habeas Proceedings

Shortly after Battiste's second application for reopening was denied, on January 17, 2017, Battiste filed a petition for writ of habeas corpus with this court. ECF Doc. No. 1. On January 30, 2017, Battiste filed a motion to stay in abeyance of proceedings. ECF Doc. No. 7. Respondent filed its Return of Writ on March 24, 2017. ECF Doc. No. 8. On April 4, 2017, Respondent indicated that it did not oppose Battiste's motion for stay. ECF Doc. No. 9.

---

[3] State of Ohio v. Jayson Battiste, Ohio Supreme Court Case No. 2017-0275.

**III.    Law & Analysis**

Generally, a state prisoner must exhaust his available state court remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b); *Rhines v. Weber,* 544 U.S. 269, 275, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *See Manning v. Alexander*, 912 F.2d 878, 881–83 (6th Cir.1990). This includes an ineffective-assistance-of-counsel claim cited by the prisoner as cause to overcome the procedural default of another claim. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000).

**A.    Stay and Abeyance of Mixed Petitions**

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims (aka "mixed petitions"). *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, in light of the AEDPA's establishment of a one-year statute of limitations, the Supreme Court recognized in *Rhines v. Weber,* that a district court has the discretion to employ a "stay and abeyance" procedure for mixed petitions:

> Under this procedure, rather than dismiss the mixed petition ... a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Id.* at 275–76. The Court cautioned, "stay and abeyance should be available only in limited circumstances," because it "has the potential to undermine ... AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 277. Accordingly, the Court determined that stay and abeyance is appropriate only where the petitioner can show: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are

4

not "plainly meritless"; and (3) that there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." Id. at 277–78; *see also Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir.2009).

### B. Application to Battiste

Battiste requests this court stay his habeas claim while his Appellate Rule 26(B) application is pending in state court. ECF Doc. No. 7, Page ID# 33. Battiste's second 26(B) application arguing ineffective assistance of appellate counsel was denied by the appellate court on January 10, 2017. ECF Doc. No. 8-1, Page ID# 244. The court of appeals found that Battiste did not establish cause for his untimely filing and that there was no right to file second or successive 26(B) applications. Id. at 267-72. On February 24, 2017, Battiste appealed from that denial to the Ohio Supreme Court. Id. at 275-79. As of the date of the filing of this R&R, that appeal is still pending. Respondent has advised that he does not oppose Battiste's request for stay. ECF Doc. No. 9. Despite Respondents lack of opposition, the undersigned finds that Battiste's request should be denied because he has not shown good cause for his failure to exhaust and his appeal would be futile.

It is petitioner's burden to demonstrate to the district court that there is good cause for failing to exhaust his claims in state court. *Sueing v. Palmer*, 503 F. App'x 354, 357 (6th Cir. 2012). Here, Battiste made no argument that he has good cause for his failure to exhaust his state court claims. In his motion to stay, Battiste states only that he has unexhausted claims. Thus, his motion does not provide good cause to grant a stay and his motion should be denied.

Looking at the record as a whole, Battiste did present a "good cause" argument to the state appellate court on his second 26(B) application. In an attempt to establish good cause for his belated state court filing, Battiste argued that he was not informed by his appellate counsel or

5

the court that he had a right to file a 26(B) application. Thus, the question becomes, can Battiste's ineffective assistance of appellate counsel ("IAAC") claim serve as "good cause" for failing to exhaust his ineffective assistance of trial counsel ("IAC") claim.

Battiste does not present an IAAC argument in his petition. Rather, it appears that Battiste's current state court filing is an attempt to salvage two of the IAC claims in his petition.[4] In the Return of Writ, Respondent asserts that the IAC claims in Grounds Four and Six are procedurally defaulted for failing to bring them on direct review. ECF Doc. No. 8, Page ID# 48-49. In Ground Four of the petition, Battiste argues that he was prejudiced by his trial counsel's failure to move for acquittal under Criminal Rule 29(A). In Ground Six, Battiste argues that he was prejudiced by trial counsel's failure to advocate for imposition of a lesser sexual offender classification status. At this point, Battiste is unable to bring these claims to state court because he failed to bring them on direct review and, thus, they are barred by the doctrine of *res judicata*. Accordingly, the claims would be procedurally defaulted.

However, an IAAC claim could serve as cause to excuse procedurally defaulted claims like the IAC claims in Battiste's petition. *Baldwin v. Beightler,* No. 5:08CV2750, 2009 WL

---

[4]

"Under Ohio law, a Rule 26(B) motion for reopening is limited to claims of ineffective assistance of appellate counsel." *Leffler v. Andrews*, No. 3:09CV2801, 2013 W L 3791485, at *10 (N.D.Ohio July 19, 2013) (citing Ohio R.App. P. 26(B)(1)). "When an appellant claims that appellate counsel was ineffective because he failed to raise certain claims, that does not fairly present the underlying substantive claims that appellate counsel failed to raise to the state courts." *Glenn v. Bobby*, No. 1:13CV2013, 2013 W L 3421888, at *10 (N.D.Ohio July 8, 2013) (*citing Goff v. Bagley*, 601 F.3d 455, 472 (6th Cir.2010)). However, "constitutionally ineffective assistance of appellate counsel may serve as cause and prejudice for claims defaulted due to that ineffectiveness." *Baldwin v. Beightler*, No. 5:08CV2750, 2009 WL 2705922, at *9 (N.D.Ohio Aug.26, 2009) (*citing Edwards v. Carpenter*, 529 U.S. 446, 451, 129 S.Ct. 1587, 146 L.Ed.2d 518 (2000)); *see also Coleman*, 501 U.S. at 753–54; *Murray v. Carrier*, 477 U.S. 478, 490–92, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

*Robertson v. Tibbals*, No. 1:12CV3042, 2014 WL 1154035, at *4 (N.D. Ohio Mar. 20, 2014)

2705922, at *9 (N.D.Ohio Aug.26, 2009) (citing *Edwards v. Carpenter,* 529 U.S. 446, 451, 129 S.Ct. 1587, 146 L.Ed.2d 518 (2000)). Indeed, Battiste argues in his second 26(B) petition that appellate counsel failed to assign error for trial counsel's failure to (1) move for criminal Rule 29(A) acquittal and (2) advocate for imposition of a lesser sexual offender status.[5] Nevertheless, to serve as cause to excuse a procedurally defaulted IAC claim, the IAAC claim must not itself be procedurally defaulted.[6]

The Supreme Court has not identified with any specificity what would establish "good cause" to grant a stay.

> Lacking any clear definition from the Supreme Court, the lower courts have diverged on the meaning of "good cause," with some courts equating it to the external circumstances that must exist in order for a petitioner to show cause to overcome a procedural bar, *e.g., Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1206-07 (C.D.Cal.2005); *Johnson v. Sullivan,* 2006 WL 37037, *3 (C.D.Cal. Jan.4, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio Jan.18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah Jan.26, 2006), and others finding that "good cause" requires a lesser showing. *Bryant v. Greiner,* 2006 WL 1675938, *5 (S.D.N.Y. June 15, 2006); *Fernandez v. Artuz,* 2006 WL 121943, at *6-7 (S.D.N.Y. Jan.18, 2006); *Rhines v. Weber,* 408 F.Supp.2d 844, 849 (D.S.D.2005) (on remand).

*Johnson v. Huibregtse*, No. 07-CV-674-BBC, 2008 WL 4621345, at *6 (W.D. Wis. Mar. 14, 2008). Some district courts have found that alleged ineffective assistance of counsel during post-conviction proceedings could establish good cause. *Id.* (collecting cases "*E.g., Iscaro v.*

---

[5] Battiste also argues that appellate counsel failed to assign error to trial counsel for failing to waive or vacate the prosecution's courts costs but that issue is not part of Battiste's habeas petition.

[6] Although a claim that appellate counsel was ineffective because he failed to raise certain claims does not "fairly present" the underlying substantive claims, "constitutionally ineffective assistance of appellate counsel may serve as cause and prejudice for claims defaulted due to that ineffectiveness." *Baldwin v. Beightler,* No. 5:08CV2750, 2009 WL 2705922, at *9 (N.D.Ohio Aug.26, 2009) (citing *Edwards v. Carpenter,* 529 U.S. 446, 451, 129 S.Ct. 1587, 146 L.Ed.2d 518 (2000)); *see also Coleman*, 501 U.S. at 753–54; *Murray v. Carrier*, 477 U.S. 478, 490–92, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Glenn v. Bobby*, No. 1:13CV2013, 2013 WL 3421888, at *10 (N.D.Ohio July 8, 2013) (*citing Goff v. Bagley*, 601 F.3d 455, 472 (6th Cir.2010)). However, ineffective assistance of counsel may only serve as cause for a procedural default, if the claim of ineffective assistance of counsel itself was not procedurally defaulted or unless cause and prejudice for such default exists. *Edwards v. Carpenter,* 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

*Trombley,* 2006 WL 1064218, *3 (E.D.Mich. Apr.21, 2006); *Rhines,* 408 F.Supp. at 849 (finding ineffective assistance of counsel analogous to "reasonable confusion about whether a state filing would be timely"); *Ramchair v. Conway,* 2005 WL 2786975, * 16 (E.D.N.Y., Oct.26, 2005); *Boyd v. Jones,* 2005 WL 2656639, *4 (E.D.Mich. Oct.14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862, *2 (E.D.Cal. Sept.8, 2005); *Martin v. Warren,* 2005 WL 2173365, *2 (E.D.Mich., Sept.2, 2005).")[7]

Even if an ineffective assistance of post-conviction counsel claim could constitute "good cause" in some circumstances, it is doubtful that it would serve as good cause in all instances because stay and abeyance is only available in "limited circumstances." Assuming that ineffective assistance of counsel could support a finding of good cause in some instances, it does not support such a finding in this case. This is Battiste's second 26(B) application. Thus, allowing a stay for Battiste's successive 26(B) application would frustrate the purpose of AEDPA.

Furthermore, the state appellate court has already reviewed and rejected the ineffective assistance of appellate counsel claim in his 26(B) application on procedural grounds. The Ohio appellate court found that Battiste's ignorance of the law argument did not establish good cause for seeking untimely relief under 26(B) and that there is no right to file a second 26(B) application. ECF Doc. No. 8-1, Page ID# 271-72. A federal habeas petitioner can procedurally default a claim by "by failing to comply with "a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2000)(quoting *Seymour v. Walker,* 224 F.3d 542, 549-50 (6th Cir.2000)). "When

---

[7] Conversely, several courts found that alleged ineffective assistance of post-conviction counsel did not constitute good cause for a stay. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D.Mich., September 7, 2005).

8

the state procedural rule prevents the state court from hearing the merits of the claim, procedural default occurs when 1) a petitioner failed to comply with the rule, 2) the state actually enforced the rule against the petitioner, and 3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Id.* (citing *Willis v. Smith,* 351 F.3d 741, 744 (6th Cir.2003)); *See also Maupin v. Smith,* 785 F.2d 135, 138(6th Cir.1986). The Sixth Circuit has held that failure to establish good cause for purpose of Rule 26(B) is an adequate and independent state ground foreclosing review of a federal constitutional claim. *Wilson v. Hurley*, 382 F. App'x 471, 475 (6th Cir. 2010).

At this point, Battiste's ineffective assistance of appellate counsel claim is likely procedurally defaulted and a stay and abeyance would be fruitless. Although the Supreme Court has yet to rule on Battiste's appeal, this court has previously denied a motion for stay and abeyance under similar circumstances. In *Perry v. Warden of Mansfield Corr. Inst.*, this court denied a motion for stay and abeyance after the state appellate court found petitioner's post-conviction relief application untimely and barred by *res judicata*.[8] No. 5:13-CV-01196, 2013 WL 5838152, at *2 (N.D. Ohio Oct. 29, 2013). While recognizing that petitioner could still appeal the decision to the Ohio Supreme Court, the court denied the motion for stay and abeyance. The court explained that, "given the state appellate court's findings, [petitioner's] claims are of dubious merit given the likelihood that his claims are procedurally defaulted." Id. Battiste's motion for stay and abeyance should be denied for the same reasons.[9]

---

[8] In that case, the Northern District found petitioner's claim procedurally defaulted because "state law no longer allows the petitioner to raise the claim." *Perry*, 2013 WL 5838152, at *2 *citing* Engle *v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) & *Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Battiste's claim is likely procedurally defaulted under this theory also.

[9] Furthermore, it should be noted that the Ohio Supreme Court has upheld appellate court determinations on both issues in the past. The Ohio Supreme Court has previously upheld appellate decisions that ignorance of the law does not establish good cause for failing to seek timely relief under Rule 26(B).

**IV.	Conclusion**

For the foregoing reasons, the Magistrate Judge recommends Battiste's motion for a stay in abeyance (Doc. 7) be **DENIED**.

Dated: April 18, 2017

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

*State v. Reddick,* 72 Ohio St.3d 88, 647 N.E.2d 784, 786 (1995). The Ohio Supreme Court has also held there is no right to file a second 26(B) application. *State v. Twyford*, 2005-Ohio-4380, ¶ 6, 106 Ohio St. 3d 176, 106–77, 833 N.E.2d 289, 290; *State v. Williams,* 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 12.