IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jayson Battiste, | Case No. 1:17 CV 128 |
| Plaintiff, | ORDER ADOPTING |
| -vs- | REPORT AND RECOMMENDATION |
| Michelle Miller, | JUDGE JACK ZOUHARY |
| Defendant. | |

### INTRODUCTION

Petitioner *pro se* Jayson Battiste seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Under Local Civil Rule 72.2(b)(2), the Petition was referred to Magistrate Judge Thomas Parker. The State of Ohio filed a Return of Writ (Doc. 8) and Petitioner filed a Traverse (Doc. 18). Judge Parker later issued a Report and Recommendation ("R&R") (Doc. 19) recommending this Court deny the Petition, and Petitioner timely objected (Doc. 20). Having reviewed the R&R and Objections *de novo*, this Court adopts the R&R in its entirety. *See Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(B) & (C).

### BACKGROUND

Petitioner does not object to the procedural history set forth in the R&R (Doc. 19 at 2–7). This Court adopts that history, and briefly highlights as follows. In 2014, an Ohio jury found Petitioner guilty of sexual battery (*id.* at 3). Petitioner unsuccessfully challenged his convictions through appeals in the Ohio courts (*id.* at 3–7). He then filed his federal habeas Petition *pro se* in January 2017 (Doc. 1), asserting six grounds for relief (*id.* at 7–15 ). The R&R recommends this Court deny the Petition because all six claims are either procedurally defaulted, noncognizable, or

meritless (Doc. 19 at 46–47). The Objection (Doc. 20) does not set forth any new arguments that were not addressed by the R&R. Rather, Petitioner either contends Judge Parker was incorrect and reasserts the arguments contained in his Petition (Doc. 1) and Traverse (Doc. 19), or alternatively, asks this Court to excuse multiple procedural defaults and address the merits of his claims (*see* Doc. 20 at 2–12).

## DISCUSSION

**Grounds One, Two, and Four are procedurally defaulted.**

Procedural default occurs in two ways. First, a petitioner may default a claim by failing to raise and pursue it through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Second, a petitioner may default by failing to comply with a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Default may only be overcome by "demonstrat[ing] cause for the default and actual prejudice as a result . . . or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 725 (1991).

Here, Ground Two is procedurally defaulted. Petitioner did not "fairly present" the manifest-weight-of-the-evidence claim at the state level (*see* Doc. 19 at 28). In his Objection, Petitioner merely reasserts that he was precluded from presenting this claim to the Ohio Supreme Court (Doc. 20 at 9). He was not. *See, e.g.*, *State v. Group*, 781 N.E.2d 980, 993 (Ohio 2002). Additionally, Petitioner cannot overcome this default because he failed to show: (1) cause for the default; or (2) prejudice resulting from the trial court's decision. As noted by the Ohio court of appeals, the jury could have convicted Petitioner based on other independent evidence in the record (Doc. 8-1 at 104–08). Further, if Ground Two were not procedurally defaulted, this Court would still be bound by the unambiguous finding of the state appellate court that admission of the testimony in question did not violate Ohio law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

2

Grounds One and Four are also procedurally defaulted (Doc. 19 at 22, 35). *See O'Sullivan*, 526 U.S. at 848; *Wainwright v. Sykes*, 433 U.S. 72, 84–87 (1977). Petitioner argues this Court should look past these defaults because his appellate counsel was constitutionally ineffective for failing to raise the underlying claims in state court. (Doc. 18 at ¶ 34, ¶¶144–48). However, this ineffective-assistance-of-appellate-counsel argument cannot serve as cause for his default because he did not raise *that* argument in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner further argues his conviction was fundamentally unjust, yet fails to provide any new evidence of his actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

**Grounds Three and Five are meritless.**

In Ground Three, Petitioner argues his trial counsel was ineffective by failing to move to dismiss the indictment for pre-indictment delay (Doc. 1 at 10). To the extent Petitioner alleges violations of his rights under the Ohio Constitution, his claim is noncognizable and is dismissed (Doc. 19 at 31). *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The second portion of Petitioner's claim is cognizable as an ineffective-assistance claim under the Sixth and Fourteenth Amendments. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant relief unless Petitioner proves a state court decision: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Here, the Ohio Court of Appeals, in applying the *Strickland* analysis, articulated several reasons why the motion to dismiss would have failed and therefore found Petitioner could not show actual prejudice (Doc. 8-1 at 122–23). This Court defers to that adjudication. *Perkins v. McKee*, 411 F. App'x 822, 828 (6th Cir. 2011).

Similarly, Ground Five consists of cognizable and noncognizable portions. Petitioner's claim regarding the State "opening the door" to cross-examination of the victim regarding her prior prostitution conviction is based on Ohio evidence law, an improper ground for habeas review. His claim that the trial court's exclusion of any such evidence violated his confrontation rights under the Sixth Amendment is cognizable, but that claim too is meritless.

The Ohio court of appeals adjudicated the claim on the merits and held that the State's interest in excluding evidence of the victim's reputation and prior prostitution conviction outweighed Petitioner's interest because: (1) there was no evidence of a monetary arrangement between Petitioner and the victim; and (2) the evidence of her prior prostitution conviction would only serve to attack her credibility (Doc. 19 at 42). The R&R noted that Petitioner did not "point[] to any decision by the Supreme Court in a case with materially indistinguishable facts that reached a different conclusion or point[] to any clear and convincing evidence that the Ohio Court of Appeals made a clear factual error" (Doc. 19 at 42) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). Petitioner again failed to do so in his Objection (*see* Doc. 20 at 7–8).

**This Court lacks jurisdiction to consider Ground Six.**

This Court has jurisdiction under Section 2254 to consider habeas petitions "on behalf of person[s] *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added). Petitions challenging collateral consequences -- such as Ohio's sexual predator statute -- do not meet that requirement. *Leslie v. Randle*, 296 F.3d 518, 523 (2002).

### Conclusion

This Court adopts the R&R (Doc. 19) in its entirety. The Objection (Doc. 20) is overruled, and the Petition (Doc. 1) is denied. Additionally, Petitioner has not made a substantial showing of the denial of a constitutional right, so this Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

                                           September 13, 2019